UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG QUAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAM TRADING SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-05215-AGT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff brought suit in state court against defendant BAM Trading Services, Inc. ("BAM"), d/b/a Binance.US, alleging three state law claims in connection with his cryptocurrency exchange account. BAM removed the action to federal court and filed a motion to dismiss, for lack of personal jurisdiction and failure to state a claim. For the following reasons, the Court grants BAM's motion to dismiss, with leave to amend.

**I.    BACKGROUND**

On September 14, 2023, Plaintiff filed a complaint in state court alleging claims related to his "Binance US" account. Dkt. 1-1, Compl. ¶ 6. That account was allegedly "frozen due to [a] Los Angeles Sherrif[f]'s investigation," as discovered by Plaintiff around August 30, 2022. *Id*. ¶¶ 8–10, 13. Plaintiff then alleges that he "contacted Binance US immediately" and "Binance US did not response until February 2, 2023." *Id*. ¶ 9.

On October 12, 2023, BAM removed this action to federal court, and on November 16, 2023, BAM filed a motion to dismiss, for which the deadline to respond was November 30, 2023. Dkts. 1, 8. Plaintiff did not file a timely response to BAM's motion, and on December 7, 2023, BAM filed a timely reply. Dkt. 12. On January 4, 2024, the Court issued an order to show cause, directing Plaintiff to explain why he did not file an opposition or statement of non-opposition.

Dkt. 15.  Plaintiff filed a response at dkt. 18, and the Court allowed BAM an opportunity to reply to that response, which BAM did at dkt. 20.

## II.     DISCUSSION

BAM relies on two bases for dismissal — lack of personal jurisdiction and failure to state a claim.  The Court considers each in turn, and finds that dismissal is appropriate.

### A.     Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Courts may "consider extrinsic evidence" such as "materials outside of the pleadings, including affidavits submitted by the parties" as part of the inquiry into personal jurisdiction.  *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (citations omitted).  "Uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger*, 374 F.3d at 800 (citing *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996)).  As noted by the Ninth Circuit, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  California's long arm statute provides that courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Civ. Proc. Code § 410.10.  In view of due process requirements, BAM is subject to personal jurisdiction if they "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. &*

*Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This Court "may assert either specific or general jurisdiction over a defendant" depending on the nature of those contacts. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Here, Plaintiff fails to sufficiently allege a basis for either general or specific jurisdiction.

### 1. General Jurisdiction

Here, general jurisdiction applies to corporations that are either incorporated in, or have a principal place of business in, California. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). This inquiry is focused on the filing date of the complaint, at earliest.[1]

BAM argues that they were neither incorporated in California nor had their principal place of business in California at the time the complaint was filed. BAM also point to insufficient allegations in the complaint to establish personal jurisdiction. For example, the complaint states:

> On September 17, 2019, Binance US filed a Statement and Designation by Foreign Corporation with Secretary of State of California to transact intrastate business in California. At all times relevant herein, Binance US maintained its principal office at 1 Market Street, Spear Tower, Suite 3600, San Francisco, CA 94105.

Compl. ¶ 2. The allegations in the complaint do not refer to any date after February 2, 2023, and thus Plaintiff's reference to Binance US's principal office corresponds to February 2, 2023, at latest, well before the complaint was filed on September 14, 2023. Defendant also submitted a Declaration from BAM Legal Operations Coordinator Marissa Miller, stating that BAM had a principal place of business in Florida as of March 16, 2023, about six months before the complaint was filed. Dkt. 8-1, Miller Decl. ¶¶ 4–5, Ex. A. Plaintiff has failed to show that, at the time of filing, BAM was either incorporated in or had a principal place of business in California. Plaintiff

---

[1] *See Baton v. Ledger SAS*, 2021 WL 5226315, at *4 (N.D. Cal. Nov. 9, 2021), *aff'd in part, rev'd in part and remanded*, 2022 WL 17352192 (9th Cir. Dec. 1, 2022); *Ponomarenko v. Shapiro*, 2017 WL 1709335, at *4 (N.D. Cal. May 3, 2017); *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21, 30 (D.D.C. 2014)); *Young v. Daimler AG*, 228 Cal. App. 4th 855, 864 n.6 (2014).

also fails to respond to BAM's arguments regarding general jurisdiction. The Court finds that Plaintiff has not met his burden in establishing general jurisdiction.

### 2. Specific Jurisdiction

The Ninth Circuit applies a three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). If Plaintiff satisfies the first two parts, it is then BAM's burden to establish the third part. *Id*.

BAM contends that Plaintiff is not a California citizen; BAM has no record of any account of Plaintiff; Plaintiff has not alleged that the account was opened in California or that the funds of the account are held in California; and Plaintiff has failed to allege any other relevant California activity of BAM. Dkt. 8 at 11–12; Miller Decl. ¶¶ 7–10. More pointedly, BAM suggests that Plaintiff incorrectly named BAM as a defendant, and instead may have opened an account with Binance.com, which is "a separate entity from BAM." Dkt. 8 at 12; Miller Decl. ¶¶ 9, 10. Plaintiff appears to concede this is likely true. Dkt. 20 at 2. Further, Plaintiff provides no counter to BAM's arguments or otherwise provide any facts to establish specific jurisdiction.

Plaintiff has not met his burden here by failing to address the first two parts of the test for specific jurisdiction and effectively agreeing with BAM that those parts are not satisfied because the wrong defendant is probably named. Under the third part of the test, the Court finds that it is not reasonable to exercise jurisdiction over BAM where BAM is likely not the entity against whom Plaintiff intends to bring suit.

### B. Plaintiff has Failed to State a Claim

Under Rule 12, a party may assert a defense of failure to state a claim by motion. Fed. R. Civ. P. 12(b)(6). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Facts that are "merely consistent with a defendant's liability" are insufficient to show plausibility. *Twombly*, 550 U.S. at 557. In determining whether the plaintiff's claims are plausible, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Here, BAM challenges all three of Plaintiff's causes of action: conversion, breach of implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Plaintiff provided no substantive response.

#### 1. Conversion

Regarding the conversion claim, BAM contends that (i) Plaintiff has "not alleged the right to immediate possession of the funds" of the account, and (ii) the "economic loss rule precludes Plaintiff's conversion claim" because he must recover in contract rather than tort. Dkt. 8 at 13.

Plaintiff has not alleged that he had "ownership or right to possession of the property at the time of the conversion," as required for a conversion claim. *Tyrone Pac. Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981) (citing *Hartford Fin. Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (Ct. App. 1979)). Plaintiff has provided no contract or agreement, nor other facts that support his immediate right to the funds at the time of conversion. Additionally, Plaintiff does not dispute that the economic loss doctrine applies or argue that he can pursue his claim in tort rather than contract.

*See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) ("The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."). Plaintiff has provided no contract or contractual terms to shed light on his rights and expectations with respect to BAM. The Court finds that Plaintiff has failed to sufficiently allege a claim for conversion. BAM's motion is granted as to the conversion claim.

### 2. Implied Covenant of Good Faith and Fair Dealing

A breach of the implied covenant of good faith and fair dealing arises from contract. *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 885 (2011) ("a breach of the implied covenant is necessarily a breach of contract."). This cause of action requires a contract, which if written, must either be attached or the terms of which must be included in the complaint verbatim. *Otworth v. S. Pac. Transportation Co.*, 166 Cal. App. 3d 452, 458 (Ct. App. 1985); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 35 (1995), *as modified on denial of reh'g* (Oct. 26, 1995). Here, Plaintiff has provided no contract nor specified any contractual terms, and thus has not sufficiently alleged a breach of the implied covenant of good faith and fair dealing. BAM's motion is granted as to the breach of implied covenant of good faith and fair dealing claim.

### 3. Unfair Competition Law

Plaintiff alleges a violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which states that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200. "With respect to the UCL specifically, Section 17200 does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California." *Churchill Vill., L.L.C. v. Gen.*

*Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000), *aff'd sub nom. Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) (recognizing that "California law embodies a presumption against the extraterritorial application of its statutes").

Here, Plaintiff lives in China, not California. Compl. ¶ 1. BAM contends that Plaintiff has failed to allege misconduct occurring in California. Dkt. 8 at 15. The Court agrees. Plaintiff has provided no substantive response to Defendants' arguments. Additionally, Plaintiff appears to base his UCL claim on the same conduct that underpins his breach of implied covenant of good faith and fair dealing claim. Compl. ¶ 30. As discussed above, Plaintiff has provided no contract or contractual terms to support this claim. Accordingly, the Court finds that Plaintiff has not sufficiently alleged a claim under the UCL. The Court grants BAM's motion to dismiss as to the UCL claim.

### III.  CONCLUSION

The Court finds that Plaintiff has failed to establish that this Court has personal jurisdiction over BAM, and also finds that Plaintiff has failed to state a claim. BAM's motion to dismiss is hereby granted, with leave to amend. Even though the original complaint is quite far from viable, the Court will give him another opportunity to survive dismissal. To the extent Plaintiff wishes to file an amended pleading, he must do so by May 27, 2024. A failure to file a timely amended complaint may result in dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Patel v. City of Los Angeles*, 791 F. App'x 688, 689 (9th Cir. 2020).

**IT IS SO ORDERED.**

Dated: May 13, 2024

_____
Alex G. Tse
United States Magistrate Judge

7